# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

Florence Division

Travis Sintell McCrae,

Plaintiff,

v.

Palmetto First Federal Credit Union;

Starla Shelton, Bank Manager;

Michael Matthews, Supervisor;

Hannah Johnson, Accountant;

Indenture Trustees 1–10,

Defendants.

Case No.: _____

DEC 5 '25 AM 9:59
RCV'D - USDC FLO SC

# MOTION FOR EMERGENCY RELIEF, COURT INTERVENTION, AND PROTECTION OF PLAINTIFF'S TRUST RIGHTS, CIVIL RIGHTS, AND EMOTIONAL WELLBEING

Plaintiff Travis Sintell McCrae, appearing pro se, respectfully moves this Honorable Court for emergency relief and judicial intervention. Plaintiff brings this Motion pursuant to 28 U.S.C. §§

1

1331, 1332, 1343, the Federal Rules of Civil Procedure, federal banking statutes, South Carolina trust and fiduciary laws, and federal treaty protections.

This Motion seeks immediate protection of Plaintiff's trust rights, business interests, civil rights, and mental health due to the Defendants' continued refusal to comply with banking regulations, unlawful denial of trust services, discriminatory treatment, and creation of conditions that have caused Plaintiff severe emotional trauma after years of institutional mistreatment across multiple legal matters.

# I. INTRODUCTION

Plaintiff is a Native American descendant, business owner, and grantor of active trust and corporate entities. Plaintiff has maintained a decade-long relationship with Defendants' institution, holding personal accounts and a safe deposit box.

Despite full compliance, Defendants subjected Plaintiff to unlawful denial of trust and business account services, refusal to activate FEDWIRE capabilities, discriminatory treatment, misuse of outdated information, violation of fiduciary duties, and interference with trust property. These actions resulted in financial paralysis and emotional harm.

This Motion seeks immediate court intervention due to the urgency, severity, and cumulative emotional impact of Defendants' actions.

# II. JURISDICTION AND VENUE

This Court has jurisdiction under:

- 28 U.S.C. § 1331 – Federal Question
- 28 U.S.C. § 1332 – Diversity; damages exceed $75,000
- 28 U.S.C. § 1343 – Civil Rights
- 28 U.S.C. § 1367 – Supplemental jurisdiction

Claims arise under:

2

- The Fair Credit Reporting Act ("FCRA")
- Equal Credit Opportunity Act ("ECOA")
- Federal Reserve Act § 16
- Dodd-Frank Act
- NCUA Federal Credit Union Act, 12 U.S.C. §1785(d)
- Safe Deposit Protection, 31 CFR §515.517
- South Carolina Trust Code §§62-7-801 & 804
- South Carolina Banking Code §§34-3-310 & 34-21-10
- Treaty of Hopewell (1785–86)
- Article VI of the U.S. Constitution

Venue is proper under 28 U.S.C. §1391 because all events occurred in Florence County, South Carolina.

# III. FACTUAL BACKGROUND

## A. Plaintiff Provided All Lawful Trust & Business Documentation

Plaintiff submitted:

- Trust EIN
- Business EIN
- Power of Attorney
- Beneficial Ownership forms
- Fiduciary agent instructions

- Safe deposit access agreement

## B. Defendants Initially Approved the Request

Defendant Hannah Johnson directed Plaintiff to return Tuesday to finalize the trust and business accounts.

## C. Unlawful Denial by Bank Manager

Defendant Starla Shelton denied Plaintiff's account requests based on a 25-year-old resolved check from a different institution.

This violates FCRA, ECOA, trust law, banking law, and federal regulations requiring accurate and updated financial assessments.

## D. Defendants Admitted Decision Was Personal, Not Policy-Based

Defendant Shelton stated she acted "on her own terms."

This constitutes fraud, discrimination, and breach of fiduciary duty.

## E. Refusal to Provide Required NCUA Form 3250

This form is mandatory for individuals with historical financial events and must be provided.

Defendants' refusal constitutes regulatory violation.

## F. Failure to Activate FEDWIRE Access

Defendants unlawfully prevented Plaintiff from receiving federal wires and funding associated with trust and business operations.

## G. Interference With Trust Property & Safe Deposit Box

Violation of 31 CFR §515.517.

## H. Racial and Indigenous Discrimination

As a Native American descendant, Plaintiff's rights under the Treaty of Hopewell and Article VI of the U.S. Constitution were violated.

## I. Economic Coercion / Financial Captivity

4

Defendants' actions restrained Plaintiff's financial autonomy and trust operations, amounting to financial coercion and human-trafficking-type economic restraint.

### J. Emotional Trauma and Accumulated Harm

Plaintiff has filed multiple lawsuits due to systemic injustices, including:

- unlawful police actions
- financial discrimination
- insurance misconduct
- trust interference
- identity misuse

These repeated harms have caused:

- chronic emotional stress
- anxiety
- fear of retaliation
- sleep disturbance
- long-term psychological burden

The Court's intervention is necessary to stop ongoing harm.

# IV. CLAIMS FOR RELIEF

Plaintiff asserts the following claims:

1. Breach of Fiduciary Duty
2. Breach of Trust Law

3. Breach of Contract and Good Faith

4. Fraud and Misrepresentation

5. FCRA Violation

6. ECOA Violation

7. Dodd-Frank Act Violations

8. Federal Reserve Act §16 Violation

9. Failure to Establish FEDWIRE

10. Obstruction of Trust Assets

11. Safe Deposit Violation

12. Human-Trafficking-Type Economic Coercion

13. Violation of Indigenous Treaty Rights

14. Severe Emotional Distress

15. Unjust Enrichment

# V. DAMAGES & RESTITUTION

## Restitution Under NCUA/FDIC Insurance Rules

- $250,000 per insured personal/business account

- $500,000 per trust account

## Damages

Plaintiff seeks:

- $1,000,000 per Defendant

**Total Damages:**

Not less than $15,000,000.

# VI. REQUESTED COURT ORDERS

Plaintiff respectfully requests:

1. Immediate opening of trust, business, and FEDWIRE-enabled accounts.
2. Mandatory issuance of NCUA Form 3250.
3. Prohibition against retaliation or account closure.
4. Enforcement of restitution and damages.
5. Judicial acknowledgment of Plaintiff's emotional trauma.
6. Federal oversight of Defendants' banking practices.
7. Any additional relief the Court deems just and proper.

"These thorns of crown shall not be placed upon my head."

# CERTIFICATE OF SERVICE

I, Travis Sintell McCrae, certify that on this ___3___ day of ___December___, 2025, I mailed a true copy of this Motion to:

Palmetto First Federal Credit Union

1777 Gregg Avenue

Florence, SC 29501

7

Starla Shelton, Bank Manager

Same address

Michael Matthews, Supervisor

Same address

Hannah Johnson, Accountant

Same address

Indenture Trustees 1–10

Same address

Submitted by:

Travis Sintell McCrae

1901 W. Evans Street, Unit 6937

Florence, SC 29501

Phone: 843-618-4228

Email: Travis@Nipseyzcheckmate.com

*[signature]*