IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Travis Sintell McCrae, a/k/a Travis McCrea, a/k/a Travis McCrae, | ) ) ) | CASE NO.: 4:25-cv-13745-JD-TER |
| Plaintiff, | ) ) | |
| vs. | ) ) | **MEMORANDUM ORDER AND OPINION** |
| Palmetto First Federal Credit Union, Starla Shelton, Michael Matthews, Hannah Johnson, Indenture Trustees 1-10, | ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 11.) The Report recommends that this action be dismissed without prejudice and without issuance and service of process and that the Court decline to exercise supplemental jurisdiction over any state-law claims. (*Id*.) Plaintiff Travis Sintell McCrae, proceeding *pro se*, did not file timely objections to the Report. Also before the Court is Plaintiff's Amended Motion for Relief, Discovery Before Dismissal,

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Declaratory Judgment, Injunctive Relief, Restitution, and Civil Monetary Damages. (DE 14.)

## I.    BACKGROUND

Plaintiff filed this civil action on December 5, 2025, naming Palmetto First Federal Credit Union, Starla Shelton, Michael Matthews, Hannah Johnson, and Indenture Trustees 1-10 as Defendants. (DE 1.) Plaintiff also moved for leave to proceed *in forma pauperis*. (DE 2.) On December 31, 2025, the Magistrate Judge granted Plaintiff leave to proceed *in forma pauperis* and directed Plaintiff to bring the case into proper form. (DE 4; DE 5.)

Plaintiff filed an Amended Complaint on January 23, 2026. (DE 7.) The Amended Complaint is the operative pleading. Liberally construed, Plaintiff alleges that Defendants denied him a trust account and Trust DBA business account, issued an adverse-action or denial notice, relied on allegedly inaccurate or disputed banking history, and thereby caused business, financial, reputational, and emotional harm. (*Id.*) Plaintiff asserts jurisdiction under 28 U.S.C. §§ 1331, 1332, 1337, and 1367. (*Id.* at 2.) Plaintiff asserts claims or theories including breach of contract, breach of the duty of good faith and fair dealing, violation of the Equal Credit Opportunity Act ("ECOA"), negligent and intentional misrepresentation, tortious interference with business relations, negligence, and gross negligence. (*Id.* at 5–6.)

On January 28, 2026, the Magistrate Judge entered an order directing the Clerk not to authorize service because the case was subject to summary dismissal. (DE 10.)

## II.     REPORT AND RECOMMENDATION

On January 28, 2026, the Magistrate Judge issued the Report recommending dismissal without prejudice and without issuance and service of process. (DE 11.) The Report concludes that Plaintiff has not established diversity jurisdiction because Plaintiff identifies himself and Defendants with South Carolina addresses and does not otherwise plead facts showing complete diversity of citizenship. (*Id.* at 2–3.) The Report further concludes that Plaintiff's only identified federal claim in the Amended Complaint is under the ECOA and that Plaintiff has not pleaded facts sufficient to state an ECOA claim. (*Id.* at 3.–4.) Specifically, the Report finds that Plaintiff does not allege facts showing that he applied for credit, that he was qualified for credit, that he was rejected despite his qualifications, or that Defendants discriminated against him based on a protected class. (*Id.*) The Report also notes that the documents attached to the Amended Complaint show a request for a trust account and Trust DBA business account rather than a credit application. (*Id.*)

The Report advised Plaintiff of the deadline to file specific written objections and warned that failure to file timely, specific objections could waive appellate review. (*Id.*) No timely objections were filed. Plaintiff later filed his Amended Motion for Relief, Discovery Before Dismissal, Declaratory Judgment, Injunctive Relief, Restitution, and Civil Monetary Damages on April 27, 2026. (DE 14.)

## III.     LEGAL STANDARD

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's

3

right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In the absence of specific objections, the Court need not conduct a de novo review and must only satisfy itself that there is no clear error on the face of the record before adopting the recommendation. *Id.*; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Because Plaintiff proceeds in forma pauperis, the Court must screen the Amended Complaint under 28 U.S.C. § 1915. The Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2).

## IV.    DISCUSSION

After a thorough review of the Report, the Amended Complaint, Plaintiff's later motion, the record, and the applicable law, the Court adopts the Report as *modified*. As an initial matter, Plaintiff did not file timely objections to the Report. Accordingly, the Court has reviewed the Report for clear error. The Court finds no clear error in the Report's recommended disposition. The Court writes separately only to clarify

that Plaintiff's ECOA claim is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), and that the Court declines supplemental jurisdiction over any remaining state-law claims.

Federal courts are courts of limited jurisdiction and have an independent obligation to examine subject-matter jurisdiction. If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3). Because Plaintiff proceeds *pro se*, his filings are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberal construction, however, does not permit the Court to ignore a clear failure to allege facts establishing a claim currently cognizable in federal court, rewrite a complaint to include claims not presented, or construct legal arguments for a litigant. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

A plaintiff properly invokes federal-question jurisdiction under 28 U.S.C. § 1331 when the plaintiff pleads a colorable claim arising under the Constitution or laws of the *United States. Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). However, the failure to plead the required elements of a federal statutory claim generally concerns the adequacy of the claim rather than the Court's subject-matter jurisdiction, unless the federal claim is wholly insubstantial, frivolous, or asserted solely for the purpose of obtaining jurisdiction. *See id.*

Plaintiff has not established diversity jurisdiction under 28 U.S.C. § 1332. The Amended Complaint alleges that Plaintiff is a resident of Florence County, South

Carolina. (DE 7.) The Amended Complaint identifies Palmetto First Federal Credit Union as doing business in Florence County, South Carolina, and identifies the individual Defendants as employees, officers, or agents of Palmetto First Federal Credit Union. (*Id*.) Although Plaintiff states in a conclusory fashion that Defendants are citizens of a different state or states, he does not plead facts establishing complete diversity of citizenship. Because Plaintiff has not alleged facts showing that no Defendant shares citizenship with Plaintiff, he has not established diversity jurisdiction.

The Court next considers Plaintiff's asserted federal claim under the ECOA. The ECOA makes it unlawful for a creditor to discriminate against an applicant, with respect to any aspect of a credit transaction, "on the basis of race, color, religion, national origin, sex or marital status, or age [,]" receipt of public assistance, or protected ECOA activity. 15 U.S.C. § 1691(a). ECOA discrimination claims may be proven through direct evidence, disparate treatment, or disparate impact. *See Faulkner v. Glickman*, 172 F. Supp. 2d 732 (D. Md. 2001). Under the burden-shifting approach applicable to ECOA disparate-treatment claims, a plaintiff must plausibly allege, among other things, that he belongs to a class protected by the statute, that he applied for credit for which he was qualified, and that he was rejected despite his qualifications. *See Faulkner v. Glickman*, 172 F. Supp. 2d at 737; *Wise v. Vilsack*, 496 F. App'x 283, 285 (4th Cir. 2012).

Plaintiff has not pleaded a plausible ECOA claim. The Amended Complaint alleges that Plaintiff applied for a "Trust Account and Trust DBA Business Account."

(DE 7.) It further alleges that Defendants denied account services and issued an adverse-action or denial notice concerning a share draft/checking account. (*Id.*) These allegations describe denial of deposit or account services, not a request for credit. The ECOA defines "credit" as "the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payment or to purchase property or services and defer payment therefor." 15 U.S.C. § 1691a(d). Plaintiff does not plausibly allege that he applied for an extension, renewal, or continuation of credit, or that Defendants denied him credit within the meaning of the ECOA.

Plaintiff also does not plausibly allege discrimination based on a protected class or any other protected ECOA basis. He alleges that Defendants' stated reasons were vague, shifting, inaccurate, pretextual, or based on disputed banking history. (DE 7.) Even liberally construed, those allegations do not state that Defendants denied a credit application because of Plaintiff's race, color, religion, national origin, sex, marital status, age, receipt of public assistance, or protected ECOA activity. Because Plaintiff does not plausibly allege a credit transaction or discrimination on a protected basis, the Amended Complaint fails to state an ECOA claim.

To the extent the Report characterizes this ECOA pleading deficiency as a failure to establish federal-question jurisdiction, the Court *modifies* the Report. Plaintiff expressly invoked the ECOA as a federal statute, and the Court has considered that asserted claim. The defect is that Plaintiff has failed to state a plausible ECOA claim under § 1915(e)(2)(B), not that every missing element of an asserted federal claim necessarily deprives the Court of subject-matter jurisdiction.

*See Arbaugh*, 546 U.S. at 513–16. This modification does not change the recommended disposition.

Plaintiff's later Amended Motion for Relief, Discovery Before Dismissal, Declaratory Judgment, Injunctive Relief, Restitution, and Civil Monetary Damages also do not change the result. (DE 14.) That motion was filed after the objection deadline expired. Even if the Court liberally construes the motion as a late objection, motion to amend, supplement, or request for discovery before dismissal, it does not cure the deficiencies in the Amended Complaint.

In DE 14, Plaintiff seeks discovery before dismissal and attempts to expand his theories to include the Fair Credit Reporting Act, Truth in Lending Act, Federal Reserve Act, Federal Reserve regulations, National Credit Union Administration regulations, Executive Orders, unjust enrichment, fiduciary responsibility, data-breach theories, and other banking-misconduct theories. (DE 14.) Those assertions remain conclusory and do not plausibly state a federal claim. Plaintiff again alleges denial of account access, reliance on disputed banking information, failure to provide adequate explanation, failure to produce records, and business or reputational harm. (*Id.*) Those allegations do not plausibly plead a consumer credit transaction under the Truth in Lending Act, a viable FCRA claim, or a private right of action under the banking statutes, regulations, and Executive Orders Plaintiff cites. Nor is Plaintiff entitled to discovery before the Court completes screening under § 1915(e)(2). Therefore, DE 14 is denied as moot and, in the alternative, denied because it does not cure the deficiencies identified in the Report and because discovery is premature.

The remaining claims in the Amended Complaint are state-law claims for breach of contract, breach of good faith and fair dealing, misrepresentation, tortious interference with business relations, negligence, gross negligence, and related theories. Having dismissed the only pleaded federal claim in the operative Amended Complaint, the Court declines to exercise supplemental jurisdiction over any state-law claims. 28 U.S.C. § 1367(c)(3). This case remains at the initial review stage, no Defendant has been served, and considerations of comity, fairness, and judicial economy favor dismissal of any state-law claims without prejudice so that Plaintiff may pursue them, if appropriate, in a court of competent jurisdiction.

## V.    CONCLUSION

After a thorough review of the Report, the Amended Complaint, Plaintiff's later motion, the record in this case, and the applicable law, the Court finds that the Magistrate Judge correctly recommended dismissal without prejudice and without issuance and service of process. The Court adopts the Report as *modified* to clarify that Plaintiff's ECOA claim is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the Court ADOPTS AS MODIFIED the Report and Recommendation (DE 11) and incorporates it by reference to the extent consistent with this Order. Plaintiff's Amended Motion for Relief, Discovery Before Dismissal, Declaratory Judgment, Injunctive Relief, Restitution, and Civil Monetary Damages (DE 14) is DENIED AS MOOT and, alternatively, DENIED because it does not cure the deficiencies identified above and because discovery is premature. This action is

9

DISMISSED WITHOUT PREJUDICE and without issuance and service of process. The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims.

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 11, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

10